# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**MICHAEL OTIS ROBERTSON**                                      **PLAINTIFF**
**#106563**

v.                          No: 4:21-cv-00939 BRW-PSH

**FREEMAN,** *et al.*                                          **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Billy Roy Wilson. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Michael Robertson, an inmate at the Pulaski County Detention Facility, filed a *pro se* civil rights complaint on October 15, 2021 (Doc. No. 1) and an amended complaint on October 27, 2021 (Doc. No. 4). On November 22, 2021, the Court granted Robertson's application to proceed *in forma pauperis* and directed

him to file an amended complaint to clarify and narrow his claims (Doc. No. 13).[1] Robertson filed a motion to amend his complaint, but did not clearly set forth his claims – accordingly, the Court allowed Robertson additional time to file an amended complaint in accordance with the Court's November 22, 2021 Order. *See* Doc. No. 18. Robertson has since filed an amended complaint naming Sheriff Eric Higgins and Deputy Freemen as defendants (Doc. No. 26-1). For the reasons stated herein, Robertson's claims should be dismissed for failure to state a claim upon which relief may be granted.

## I. Screening Standard

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic

---

[1] Robinson was advised that an amended complaint would render his prior complaints without legal effect. Doc. No. 13 at 3.

recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983. Robertson's amended complaint (Doc. No. 26-1) does not describe a viable constitutional claim, as described below.

Robertson's amended complaint sues defendants Sheriff Eric Higgins and Deputy Freeman in both their official and personal capacities. He generally alleges that officers have hurt him, jumped on him, and treated him as though he is not human. Doc. No. 26-1 at 4. He appears to claim that Higgins failed to take corrective action after officers hurt him. *Id.* at 4-5. He also alleges that officers retaliated against him for lawsuits he filed. *Id.* at 5. However, he describes no specific facts to support his vague and conclusory allegations.

Robertson's amended complaint states that officers hurt and jumped on him *on multiple occasions*. He does not state, however, the dates of any of these incidents. He does not identify the officers who allegedly hurt him, with one exception.² He does not describe what any officer, including Freeman, did to hurt him on any of the multiple occasions. He does not describe the circumstances surrounding any of the claimed incidents. He does not allege specific injuries related to any of the claimed incidents. Simply put, he fails to state facts that would support excessive force claims.³

Robertson's amended complaint also states that Sheriff Higgins "came seen me late year when his officer hurt me and jumped on me." *Id.* at 4-5. He does not describe the substance of that visit, when it took place, what officer allegedly hurt and jumped on him, the circumstances of the alleged incident that led to a visit from Higgins, or how he was injured. Without more, the Court cannot find that Robertson

---

² Robertson states "Eric S. Higgins officer Mr. Freeman make the 5 time I got hurt by one of Eric Higgin the Sheriff Officer." Doc. No. 26-1 at 4.

³ To support a claim for relief for excessive force, a pre-trial detainee must allege and prove that the force purposely or knowingly used against him was objectively unreasonable, and objective reasonableness turns on the "facts and circumstances of each particular case." *Kingsley v. Hendrickson*, 135 S.Ct. 2466, 2473 (2015). "Constitutionally infirm practices are those that are punitive in intent, those that are not rationally related to a legitimate purpose, or those that are rationally related but are excessive in light of their purpose." *Johnson-El v. Schoemehl*, 878 F.2d 1043, 1048 (8th Cir. 1989).

states a claim for failure to take corrective action.[4] In other words, Robertson cannot state a claim against Higgins for failing to take corrective action if he does not describe the specific actions Higgins failed to correct.

Robertson's amended complaint also alleges that officers retaliated against him "about a lawsuit."[5] *Id.* at 5. He does not describe who retaliated against him, when such retaliation took place, what actions were taken against him in retaliation, or what lawsuit allegedly resulted in retaliation.[6] Accordingly, his amended complaint should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

---

[4] To state a cognizable claim against a defendant in a supervisory role, an inmate must allege that the defendant was personally involved in the constitutional violation or became aware of the constitutional violation and, with deliberate indifference, failed to take corrective action. *See, e.g., Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993).

[5] Robertson has filed numerous lawsuits against Higgins and other employees at the Pulaski County Detention Facility, including Deputy Freeman. *See e.g., Robertson v. Higgins, et al.,* No. 4:21-cv-00969-BRW-JJV; *Robertson v. Higgins, et al.,* No. 4:21-cv-00976-LPR (strike recommended); *Robertson v. Cobb, et al.,* No. 4:21-cv-01014-BSM-PSH; *Robertson v. Turn Key Medical, et al.,* No. 4:21-cv-01066-DPM; *Robertson v. Newburn, et al.,* No. 4:21-cv-01077-BSM-JTK; *Robertson v. Nelson, et al.,* No. 4:21-cv-01127-LPR-PSH; *Robertson v. Does,* No. 4:21-cv-01170-KGB-PSH; *Robertson v. Cobb, et al.,* No. 4:21-cv-01171-KGB-JTR*; Robertson v. Powell,* No. 4:21-cv-01172-BRW-JJV.

[6] To succeed on a § 1983 retaliation claim, a plaintiff must prove: (1) that he engaged in a protected activity; (2) that the government official took adverse action against him that would chill a person of ordinary firmness from continuing the activity; and (3) that the adverse action was motivated at least in part by the exercise of the protected activity. *Gonzalez v. Bendt*, 971 F.3d 742, 745 (8th Cir. 2020); *Spencer v. Jackson Cnty.*, 738 F.3d 907, 911 (8th Cir. 2013). Speculative and conclusory, or *de minimis* allegations cannot support a retaliation claim. *See Atkinson v. Bohn*, 91 F.3d 1127, 1129 (8th Cir. 1996) (per curiam).

Finally, Robertson's amended complaint attempts to allege official capacity claims based on failure of Pulaski County officers/employees to follow jail policy. *Id.* at 5-6. Official capacity claims are "functionally equivalent to a suit against the employing governmental entity." *Veach v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). Thus, a suit against the defendants in their official capacities is in essence a suit against the County or city itself. *See Murray v. Lene*, 595 F.3d 868 (8th Cir. 2010); *Liebe v. Norton*, 157 F.3d 574 (8th Cir. 1998). A municipality cannot be held liable on the basis of *respondeat superior*, or simply by virtue of being the employer of a tortfeasor. *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201 (8th Cir. 2013). Accordingly, the defendant county employees can only be held liable in their official capacities in this case if Robertson can establish that a constitutional violation was committed **pursuant to** "an official custom, policy, or practice of the governmental entity." *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009). Robertson complains that the defendants violated jail policies; he does not assert that a custom or policy of Pulaski County was the moving force behind any of the alleged attacks on him. Accordingly, even if Robertson had specifically described any attacks or actions by the defendants, he fails to describe viable official capacity claims.

### III. Conclusion

For the reasons stated herein, it is recommended that:

1. Robertson's amended complaint be dismissed without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation and accompanying judgment would not be taken in good faith.

IT IS SO RECOMMENDED this 11th day of January, 2022.

_____
UNITED STATES MAGISTRATE JUDGE